■ In the Matter of the Claim of RICARDO ORTIZ, Respondent. UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 1989, which ruled that claimant was entitled to receive unemployment insurance benefits.

On October 3, 1988, following an investigation and notice of charges, a determination was made to remove claimant from his employment with the United States Department of Housing and Urban Development (hereinafter HUD), effective October 14, 1988, as a result of misconduct in his employment. Claimant appealed his removal to the United States Merit Systems Protection Board (hereinafter MSPB). Because the grant of a pending application for disability retirement would render the appeal of claimant's removal moot, on November 10, 1988 claimant and HUD stipulated to dismiss the appeal without prejudice pending receipt of a final decision on claimant's disability retirement application. The stipulation, incorporated into an order of a MSPB Administrative Judge dated November 14, 1988, also provided that in the event that claimant's application for disability retirement was denied, claimant was to have a period of 30 days within which to refile his petition for appeal.

Claimant's December 30, 1988 application for unemploy-

ment insurance benefits in New York was denied by an initial determination disqualifying claimant due to misconduct in connection with his employment. On March 13, 1989, claimant's application for disability retirement was granted retroactively to October 15, 1988. Following a hearing, an Administrative Law Judge (hereinafter ALJ) reversed the initial determination of the Commissioner of Labor and, relying upon HUD's stipulation with claimant, ruled that claimant lost his employment as a result of disability retirement and not misconduct. The Unemployment Insurance Appeal Board affirmed, adopting the findings and opinion of the ALJ. HUD now appeals.

In our view, the Board erred in adopting the ALJ's opinion which held that the parties' stipulation "apparently leaves the reason for separation [from] employment as disability retirement". Contrary to claimant's assertion, the order of the MSPB Administrative Judge embodying the stipulation neither states nor implies that HUD records would be amended to indicate that claimant was separated from his employment due to a disability. Notably, the order closes with the following language: "If either party believes that this memorandum distorts or omits a material fact, that party must file a written objection which must be received by November 17, 1988." If, as claimant contends, the very benefit which he sought by the stipulation was that retirement be stated as the reason for separation from service, surely he would have objected to the order's omission of this critical provision. In sharp contrast to the position advanced by claimant, it appears to be settled MSPB law that where, as here, the effective date of disability retirement is subsequent to the effective date of removal for cause, separation from service is by removal for cause and not by disability retirement (compare, Twine v Department of Health & Human Servs., 36 MSPR 388 [DC07528610404, Mar. 25, 1988], with Najjum v General Servs. Admin., 27 MSPR 87 [DC07528110532, Mar. 28, 1985]). Because the Board's erroneous reliance upon the order incorporating the stipulation precluded consideration of the appropriate issue, viz., whether claimant lost his employment through misconduct in connection therewith, we must remit for further proceedings.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.